UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

SHARON KOSZUTA,

                        Plaintiff,

                -vs-                                                  14-CV-694-JTC

CAROLYN W. COLVIN,
Acting Commissioner of Social Security,

                        Defendant.

---

APPEARANCES:   LAW OFFICES OF KENNETH HILLER (TIMOTHY HILLER, ESQ., of Counsel), Amherst, New York, for Plaintiff.

                            WILLIAM J. HOCHUL, JR., United States Attorney (JOSHUA LENARD KERSHNER, Special Assistant United States Attorney, of Counsel), Buffalo, New York, for Defendant.

Plaintiff Sharon Koszuta initiated this action on August 22, 2014, pursuant to the Social Security Act, 42 U.S.C. § 405(g) ("the Act"), for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") denying plaintiff's application for Disability Income Benefits ("DIB") and Supplemental Security Income ("SSI") benefits under Titles II and XVI of the Act. Plaintiff moved for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure (*see* Item 10) and the Commissioner cross-moved for the same relief (Item 19). In a Decision and Order entered January 19, 2016 (Item 22), this court denied plaintiff's motion, granted defendant's motion, and dismissed the complaint. Thereafter, on January 21, 2016, plaintiff moved for reconsideration of the court's decision (Item 24), arguing that she fell within a "borderline age" situation with respect to her claim for Title XVI SSI benefits. For the reasons that

follow, the court grants the motion for reconsideration, vacates its previous Decision and Order in part, and remands for reconsideration of the borderline age issue with respect to plaintiff's SSI benefits only.

## DISCUSSION

In the court's Decision and Order filed January 19, 2016 (Item 22), plaintiff argued that the ALJ mechanically applied the Grids in such a way as to deny her benefits without explanation, requiring remand. Specifically, plaintiff argued that the ALJ should have considered her to be of advanced age, 55 or older. Instead, the ALJ used Medical-Vocational Rule 202.14 as a framework for decision-making and considered her to be an individual "closely approaching advanced age" (age 50-54). *See* Item 22, 15. The court noted that plaintiff was born on January 5, 1958, her alleged onset of disability was March 1, 2009, her date last insured ("DLI") was June 30, 2010, and the ALJ issued his decision on December 17, 2012. She was 51 years old on the alleged onset date, 52 on the DLI, and approximately 54 years and 11 months old at the time of the ALJ's decision.

The Grids provide for three distinct age categories: (1) "younger person" is an individual between the ages 18 and 49; (2) "person closely approaching advanced age" is an individual between the ages 50 and 54; and, (3) "person of advanced age" is an individual 55 years of age and over. 20 C.F.R. §§ 404.1563(c)-(e), 416.963(c)-(e). The Grids recognize that the functional capacity to perform light work "represents substantial work capability" for individuals not of advanced age but with sufficient education for unskilled work. 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(b). However, for individuals of advanced age, "even a high school education or more that was completed in the remote

past will have little positive impact on effecting a vocational adjustment unless relevant work experience reflects use of such education." 20 C.F.R. Pt. 404, Subpt. P, App. 2, § 202.00(c). Thus, Medical-Vocational Rule 202.06 directs a finding of disability when a person of advanced age is a high school graduate with non-transferable skills.

In this case, the ALJ determined that plaintiff was capable of performing less than the full range of light work with some non-exertional limitations. Using Medical-Vocational Rule 202.14 as a framework for decision-making, the ALJ found that plaintiff was a person closely approaching advanced age with a high school education and no transferable skills.[1] Additionally, the ALJ found that plaintiff's ability to perform all or substantially all of the requirements of work at the light level had been impeded by her other limitations and thus relied on the testimony of a vocational expert ("VE") (Tr. 29). The VE testified that, given plaintiff's age, education, work experience, and residual functional capacity ("RFC"), she would be able to perform the requirements of representative occupations such as mail room clerk (light work, unskilled), ticket seller (light work, unskilled), and companion (light work, semi-skilled). *Id.* Accordingly, the ALJ found plaintiff not disabled.

In its previous decision, the court found that the ALJ did not err in failing to consider plaintiff to be in a borderline age situation because she was 52 years old at the DLI. However, the parties correctly note that the DLI is only significant for purposes of calculating plaintiff's age for her DIB claim. For purposes of plaintiff's SSI claim, borderline

---

[1] While the ALJ used Medical-Vocational Rule 202.14, he did not make an explicit finding as to transferability of skills, stating that "[t]ransferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is 'not disabled' whether or not the claimant has transferable job skills." (Tr. 28); *See* Medical-Vocational Rules 202.14, 202.15.

age consideration is measured as of the date of the ALJ's decision. *See Torres v. Comm'r*, 2015 WL 5444888, n.4 (W.D.N.Y. Sept. 15, 2015); *Gallagher v. Astrue*, 2009 WL 929923, *7 n. 4 (D.N.H. Apr. 3, 2009) ( "[f]or SSI purposes, entitlement to borderline age consideration is measured as of the date of the ALJ's decision [;] ... [w]hile for [DIB] purposes, [borderline age consideration] is measured from the claimant's date last insured"); *Swan v. Barnhart*, 2004 WL 1529270, *9 n. 12 (D.Me. Apr. 30, 2004) (same), *Report and Recommendation adopted,* 2004 WL 1572700 (D.Me. May 19, 2004). Plaintiff was approximately two weeks shy of her 55th birthday on the date of the ALJ's decision.

The SSA has issued regulations regarding the consideration of a claimant's age as a vocational factor. The SSA

> will not apply the age categories mechanically in a borderline situation. If [a claimant] [is] within a few days to a few months of reaching an older age category, and using the older age category would result in a determination or decision that [the claimant] [is] disabled, [the SSA] will consider whether to use the older age category after evaluating the overall impact of all the factors of [the claimant's] case.

20 C.F.R. §§ 404.1563(b), 416.963(b).

Although the "regulations do not clearly define the outer limits of a borderline situation," several courts have held that a period of up to six months is within the rule, *see Souliere v. Colvin*, 2015 WL 93827, *5 (D.Vt. Jan. 7, 2015) (collecting cases); *Metaxotos v. Barnhart,* 2005 WL 2899851, *8 (S.D.N.Y. Nov. 3, 2005) ("[s]ome courts which have addressed this regulation have held that six months is within the rule") (collecting cases); *but see Smolinski v. Astrue*, 2008 WL 4287819, *4 (W.D.N.Y. Sept. 17, 2008) ("[a]mong the district courts in the Second Circuit, three months appears to delineate the outer limits

of a few months") (internal quotation omitted), and several courts have held that a period of more than six months is not, *see Gravel v. Barnhart*, 360 F.Supp.2d 442, 446 n. 8 (N.D.N.Y. 2005) (collecting cases); *Hunt v. Comm'r of Soc. Sec.*, 2004 WL 1557333, *5 n. 14 (N.D.N.Y. July 1, 2004) (eight months not borderline).

Upon reconsideration, plaintiff maintains that the ALJ did not properly consider her borderline age situation. As discussed above, the ALJ used Medical-Vocational Rule 202.14 as a framework for his decision, finding that plaintiff was closely approaching advanced age. For purposes of plaintiff's SSI claim, it is apparent that a borderline situation does exist as plaintiff was less than one month from her 55th birthday, and the ALJ should have considered whether it was more appropriate to consider plaintiff to be in the advanced age category. Additionally, if the ALJ were to consider plaintiff to be of advanced age, he would be required to make explicit findings as to plaintiff's transferability of work skills and/or her ability for direct entry into skilled work. *See* Medical-Vocational Rules 202.06, 202.07, 202.08.[2] The Commissioner concedes that, in the absence of transferable work skills, the ALJ could possibly find plaintiff disabled. *See* Item 19, p. 24. Accordingly, remand for further proceedings on this issue is appropriate. *See Torres v. Comm'r*, 2015 WL 5444888, *10 (remanding for further proceedings to allow ALJ to consider the borderline situation); *Pickett v. Astrue*, 895 F.Supp.2d 720, 731 (E.D.Va. 2012) (remanding for further proceedings where ALJ's decision failed to demonstrate that plaintiff's borderline age was considered); *Gallagher v. Astrue*, 2009 WL 929923 at *7 ("[b]ecause the ALJ did

---

[2] While the Commissioner argues that the ALJ would have made a finding of transferability of job skills based on his questioning of the VE, such an explicit finding was not made. It is for the ALJ, not the court, to make such a finding. *See Ferraris v. Heckler*, 728 F.2d 582, 587 (2d Cir. 1984) (ALJ must make explicit findings regarding claimant's skills and their transferability).

not provide any indication that he considered [claimant's] borderline age categorization, I remand this case for proper consideration").

## **CONCLUSION**

For the foregoing reasons, the court grants the plaintiff's motion for reconsideration (Item 24). Upon reconsideration, the court's previous decision (Item 22) is vacated in part and remanded to the Commissioner for further consideration of plaintiff's borderline age situation with respect to her Title XVI claim for SSI benefits only. The Commissioner's motion for judgment on the pleadings (Item19) is therefore granted in part and denied in part, plaintiff's motion for judgment on the pleadings (Item 10) is granted in part and denied in part, and the matter is remanded for further proceedings consistent with the above Decision and Order.

So ordered.

_____\s\ John T. Curtin_____
JOHN T. CURTIN
United States District Judge

Dated:  March 2,  2016